# Case No. 15,025.

## UNITED STATES v. EDWARDS.

[17 Int. Rev. Rec. 126.]

District Court, D. Massachusetts. April, 1873.

INTERNAL REVENUE—SELLING UNSTAMPED CIGARS.

[1. The punishment imposed by the act of 1868 for selling unstamped cigars is not confined to importers and manufacturers, though they alone are required to pack the cigars and affix the stamps.]

[2. An indictment for selling cigars "not properly boxed and stamped as required by law" will not be *held* defective merely because it fails to state that the sale was not for importation or exportation, so as to dispense with the necessity of paying the tax, provided it points out the sale as having been at a given time and place, the words "as required by law" being an argumentative allegation that the sale was not within the excepted classes.]

Indictment [against L. C. Edwards] under section 89 of the act of July 20, 1868 (16 Stat. 162), which enacts "that all cigars which shall be removed from any manufactory or place where cigars are made, without the same being packed in boxes as required by this act, or without the proper stamp thereon denoting the tax, or without burning into each box with a branding iron the number of the cigars contained therein, and the name of the manufacturer, and the number of the district and the state, or without the stamp denoting the tax thereon being properly affixed and cancelled, or which shall be sold or offered for sale not properly boxed and stamped, shall be forfeited to the United States. And any person who shall commit any of the above described offences shall, on conviction, be fined for each such offence not less than one hundred dollars, nor more than one thousand dollars, and imprisoned not less than six months, nor more than two years." The charge in the first count was that the defendant, at Boston, on a certain day, "did sell and offer for sale to Frank C. Humphreys, a certain number of cigars, to wit, one hundred thereof not properly boxed and stamped as required by law, to wit, did then and there, as aforesaid, sell and offer for sale said cigars in a certain box without any stamp thereon denoting the tax on said cigars." The second and third counts were like the first, except in the number of cigars said to have been sold or offered for sale. The fourth count averred that the cigars had been imported from a foreign country, but this was abandoned. After a verdict of guilty on the first three counts, the defendant moved for a new trial, and in arrest of judgment.

E. P. Nettleton, for the United States.

J. W. Richardson and G. W. Searle, for defendant.

LOWELL, District Judge. It was argued that the manufacturer of domestic cigars, and the importer of those that were brought from abroad, are the only persons liable to the penalties of section 89 of the act of 1868. By section 81 the manufacturer is to pay the tax; by section 82 he is to give bond conditioned, among other things, to pay it by stamps; by section 93 importers of foreign cigars, besides paying the import duties upon them, are to affix to the boxes the like stamps as are required to be affixed to domestic cigars by the manufacturers, and importers are made subject to the penalties applied to manufacturers; by section 87 stamps are to be furnished only to manufacturers and importers, and it is they who are to pack them in certain kinds of boxes. The argument is, that the punishment for selling or offering to sell cigars not properly boxed and stamped is intended for those persons only whose duty it is to pack them and affix the stamps, and who alone can be certain that they are in all respects duly packed, and to whom only the officers are to make sale of stamps.

There is much force in this argument. But on the other hand the words of the law include all persons who sell or offer for sale cigars not properly boxed or stamped; and by section 85 retail dealers are expressly excepted under certain circumstances, showing that congress considered that they were within the general language of that section, which is no broader than section 89. There is an obvious and very strong motive for including dealers in the prohibition, so as to make it for their interest to see that the manufacturers comply with the law. If the statute had punished them for buying unstamped cigars, there might be some danger of injustice, because purchases are often made by letter, and the cigars are not seen until delivery is made of them; but by making it criminal to sell, there is no danger of surprise or accident, and the same result is reached, because the dealer will take care to return to the manufacturer all boxes that do not appear to conform to the rules. Indeed it is not easy to see that the statute could be effectually worked in any other way. If the manufacturer should fail to brand his boxes with his name and district, as a fraudulent manufacturer would be very careful to do, there would be no hold upon any one, and no way of tracing the wrong to its source. Such

an argument as this would not, perhaps, have much weight if the statute were ambiguous on its face, because a criminal statute ought to be clear and explicit; but the law being clear on its face in favor of the government, and the doubt being raised only from a careful examination of other parts of the act, and only by an inference of intent derived from those other sections, the argument that such an intent is improbable and that the obvious meaning of the section may have many reasons of general policy to support it, is legitimate, and not without much value. I hold, therefore, that the words of the charge are not to be restrained by implication.

Another objection is, that the crime is not set out with sufficient fulness. There is no statement of circumstances to show that a stamp should have been affixed to the box containing the cigars that are said to have been sold or offered for sale. Under the strict rules of criminal pleading there seems to be a defect here. Selling or offering for sale cigars contained in a box not stamped, is not necessarily a breach of the law, because an importer of cigars may enter them in bond and may re-export them without paying any tax, and he may sell them for the same purpose, and they may be sold any number of times within the period allowed by the warehousing laws, and no stamp need be affixed unless some one should change his mind and make a sale of the goods for domestic use or consumption. So by the amendments to sections 73 and 74 of the statute now under consideration, passed June 6, 1872 (17 Stat. 254), manufacturers of cigars may export them or sell them for export under certain circumstances, and by complying with certain forms, without paying any tax or duty upon them. If, therefore, the defendant were an importer selling cigars in bond for re-exportation, or a manufacturer selling for exportation, or a dealer whose title was derived, however remotely, from either of them, and who honestly sold for the same purpose, no crime was committed by the sale. The indictment does not negative such a sale. But the supreme court and other courts of the United States have gone so far in permitting statute misdemeanors to be laid in the very words of the statute, that after much consideration I do not feel at liberty to set aside this indictment. The statute crime here is selling cigars not properly boxed or stamped. This is fully set out in the indictment. What remains is to point out the overt acts, so to say, with sufficient distinctness to put the defendant on his guard as to the acts really intended to be passed. This is done by alleging that it was a sale to Frank C. Humphreys, at a given time and place. Then there is an argumentative allegation that it was such a sale as could not properly be made without a stamp being affixed to the box. This argumentative allegation is found in the words "as required by law," which, though bad as pleading, may be held sufficient as notice, and would require the government to prove affirmatively that the sale was made under such circumstances as to bring it within the prohibition. Upon the whole, therefore, I think the indictment may be upheld.

I have carefully considered the affidavits filed in aid of the motion for a new trial. They tend to show that all the cigars made by Mr. Climie are stamped; and the evidence at the trial tended to show that those cigars were made by Climie Such evidence is defective in this, that it fails to show how the cigars came to be sold without a stamp, if they had once been stamped. The history of the cigars was before the jury. They were traced from Climie to Humphreys, and no one admitted or now admits that he removed the stamps. The only theories consistent with the defence are that Randall, who bought of Climie, and for whose account the defendant sold the cigars, removed the stamps, and he denied it on the stand; or that Humphreys removed them, and he denied it. No motive is shown for Humphreys to do it, unless to ruin the defendant, against whom he was not shown to have any cause of quarrel or complaint. I can think of no motive that Randall should have, unless to sell the cigars as smuggled, and it does not appear that he did sell them as smuggled, but the contrary appeared. Section 90 enacts that the absence of the proper revenue stamp on any box of cigars sold or offered for sale shall be notice to all persons that the tax has not been paid thereon, and shall be prima facie evidence of the non-payment thereof. In this case we have that evidence, and positive evidence besides, and I am of opinion that even if the cumulative evidence now offered had been before the jury they would have been well warranted in finding a verdict of guilty, and I do not consider that I have any right to order a new trial in order that a second jury may decide on the probabilities of the case.

The other objections are overruled. Motions denied.